IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv00206-RBJ

KEY EQUIPMENT FINANCE, a division of KeyBank National Association,
a national banking association,

    Plaintiff,

v.

SOUTHWEST CONTRACTING, INC., a Florida corporation and
MATTHEW DAVID FULFORD, individually,

    Defendants.

## ORDER

Defendant moves for reconsideration of this Court's order denying its motion for partial summary judgment and granting plaintiff's motion for summary judgment. Plaintiff opposes the motion and cross-moves for summary judgment on damages. Defendant moves to strike the cross-motion. For the reasons summarized in this order, defendant's motion for reconsideration is granted in part and denied in part. Plaintiff's cross-motion for summary judgment is denied. Defendant's motion to strike is denied as moot.

## BACKGROUND

The factual background of the underlying dispute between the parties is set forth in detail in the Court's order on the parties' original cross-motions for summary judgment. ECF No. 73. I incorporate that order and will not repeat it here. Suffice it to say that the case arises out of plaintiff Key Equipment Finance's claim that Southwest Contracting, Inc. defaulted on its

1

obligation to repay a commercial loan, and that defendant Mathew David Fulford defaulted on his personal guarantee of Southwest's obligation.

On May 22, 2015 defendants filed a motion for partial summary judgment. ECF No. 63. The motion was fully briefed. Meanwhile, on June 1, 2005 plaintiff filed a motion for summary judgment, ECF No. 64. That motion too was fully briefed. No party requested oral argument. On September 3, 2015 the Court issued its order denying defendants' motion, granting plaintiff's motion as to liability, and directing the parties either to resolve certain issues concerning plaintiff's damages numbers or, if agreement could not be reached, then to schedule an evidentiary hearing to resolve those issues. ECF No 73.

Contending that the Court "overlooked or misapprehended the evidence and the law," the defendants move the Court to reconsider its order and find that the defendants' expert's report created a genuine dispute of material facts as to the commercial reasonableness of plaintiff's sale of the dredge. ECF No. 75. Plaintiff opposes that motion, ECF No. 76, and cross-moves for summary judgment as to damages. ECF No. 77.

**ANALYSIS**

Defendants' motion for reconsideration for the most part rehashes arguments that it made and that the Court considered in ruling on the cross-motions for summary judgment. Defendants do, correctly, take issue with the Court's statement in its September 3, 2015 order, "Defendants have not come forward with any contrary expert opinion evidence." ECF No. 73 at 18. In fact, defendants did submit an expert report, dated July 12, 2012, with their reply in support of their motion for summary judgment. ECF No. 67. Plaintiff argues that because this report was first filed in support of a reply brief, when plaintiff had no opportunity to respond to it, the Court

should not consider it. That argument has some force, but the fact remains that the Court's statement that defendants had submitted no expert report was incorrect.

I have read the report of the defendants' expert, and it has no impact on my resolution of the liability issues in plaintiff's favor. However, it potentially could affect the damages issues which the Court has not decided, because it suggests that a significantly larger offset than either the amount plaintiff realized from the actual sale of the dredge ($70,000) or the relatively similar option on value by the plaintiff's expert ($75,000). Accordingly, if the parties cannot resolve the damages issues by agreement, the Court will consider the experts' respective opinions in addition to the actual resale amount at the damages hearing. To that extent only the motion for reconsideration is granted.

As for plaintiff's motion, rather than proceeding as indicated by the Court, plaintiff chose to file another summary judgment motion. In addition to ignoring the Court's direction, the motion was filed some four months after the dispositive motions deadline had passed. Moreover, as indicated above, defendants have raised an issue as to offset that warrants a hearing. Plaintiff's motion is denied.

**ORDER**

1. Defendants' Motion for Reconsideration, ECF No. 75, is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's cross-motion for summary judgment on damages, ECF No. 77, is DENIED.

3. Defendants' motion to strike plaintiff's cross-motion for summary judgment on damages, ECF No. 79, is DENIED AS MOOT.

4.  The Court directs the parties and counsel to confer, not just to exchange emails or letters, and to make a substantial and good faith effort to resolve the damages and related remedy issues. If agreement cannot be reached, they are directed to set an evidentiary hearing (in effect bench trial) on those issues.

DATED this 16th day of February, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge